**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leo Begay, | No. CV-20-01083-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

On June 11, 2021, Magistrate Judge Camille D. Bibles issued a Report and Recommendation ("R&R") recommending Petitioner Leo Begay's petition for writ of habeas corpus be denied.  (Doc. 17 at 26).  The R&R reasons that Begay is not entitled to a writ of habeas corpus due to his failure to exhaust state court remedies, and because Begay is not entitled to habeas relief on the merits of his claims.  (Doc. 17 at 26).

With the exception noted below, the R&R will be adopted.

### I.      Begay's petition for writ of habeas corpus under 28 U.S.C. § 2254

On June 8, 2016, Phoenix Police responded to a potential domestic violence dispute involving Leo Begay.  (Doc. 13-1 at 49).  Begay arrived at the scene in his girlfriend's car and exhibited outward signs of drunkenness.  (Doc. 13-1 at 78).  Begay was arrested after failing finger-counting and backwards counting field sobriety tests.  (Doc. 13-1 at 78).  Although Begay initially consented to a blood draw, he later withdrew his consent.  (Doc. 13-1 at 79; Doc. 17 at 5).  A Phoenix Police officer served him with a warrant for a blood draw, (Doc. 13 at 79), and handed him a phonebook to call an attorney.  (Doc. 17 at 5).

1    The blood draw was a .179 with a plus or minus of .009.  (Doc. 13-1 at 79).

2        In January 2018, an Arizona state court jury found Begay guilty of two counts of

3    aggravated driving while under the influence.  (Doc. 13 at 1-2).  At trial on the priors, the

4    judge found three prior felony convictions that served as aggravating factors: battery of a

5    police officer in New Mexico in 2010, failure to register as a sex offender in 2003, and an

6    aggravated DUI in 1994, for which he was convicted in 2002.  (Doc. 13-1 at 652).  In total,

7    the sentencing judge found three prior felony convictions and nine misdemeanors,

8    including three prior DUIs.  (Doc. 13-1 at 65, 650-52, 654).

9        Begay's convictions resulted in concurrent sentences of 10 years' imprisonment.

10   (Doc. 17 at 1).  Begay appealed his convictions and was appointed appellate counsel.  (Doc.

11   17 at 5).  That appointed counsel filed an *Anders* brief, stating he/she could not find any

12   arguable issue.  (Doc. 13-1 at 81).  Begay then filed a pro se brief asserting the trial court

13   erred by denying his motion to dismiss.  (Doc. 17 at 5).  He argued "the police wrongly

14   denied his request for counsel [at the time of his arrest and before the blood draw] and

15   'deprived him of acquiring exculpatory evidence.'"  (Doc. 17 at 5) (quoting *State v. Begay*,

16   2019 WL 3178782, at *2 (Ariz. Ct. App. July 16, 2019)) (modification in original).  The

17   Court of Appeals denied Begay's argument on the merits, reasoning:

18           The superior court concluded that Appellant was not denied his right to
             counsel because police gave him the opportunity to use a phonebook and
19           telephone to contact an attorney while in the DUI van from about 10:35 pm
             until 11:15 pm, but Appellant never chose to make a phone call. Moreover,
20           the court considered Appellant's statement, "[c]an I have an attorney here for
             the blood draw?" And the court determined that his request was limited to
21           the blood draw. In addition, Appellant was given an opportunity to contact
             an attorney. Also, after police advised Begay of his rights per Miranda he
22           was not questioned further. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)
             (suspect's statements made during an in-custody interrogation are only
23           admissible if police have informed the suspect of his or her constitutional
             rights before questioning); *see also State v. Smith*, 193 Ariz. 452, 457 []
24           (1999). Thus, the superior court did not abuse its discretion.

25   (Doc. 17 at 5) (quoting *Begay*, 2019 WL 3178782, at *2) (modifications in original).  The

26   Arizona Supreme Court denied review, and Begay did not file a petition for post-conviction

27   relief in state court.  (Doc. 17 at 5).  Instead, Begay proceeded directly to federal court,

28

1    filing the present petition.

2        Begay asserts three claims for federal habeas relief under 28 U.S.C. § 2254.  In his

3    first claim, he asserts he was denied effective assistance of counsel.  (Doc. 17 at 6).  He

4    argues his appellate counsel erred by failing to "refer[] to anything in the record that might

5    arguably support the Appeal."  (Doc. 17 at 6).  In his second claim, he asserts "'[t]his case

6    involves a denial of right to counsel in connection with an offense in which Blood Alcohol

7    Concentration plays a significant role,' and his 'due process right to obtaining independent

8    exculpatory evidence bearing on his alleged alcohol impairment' was infringed."  (Doc. 17

9    at 6-7) (quoting Doc. 1 at 3-4).  Begay characterizes this as a matter of due process.  (Doc.

10   17 at 6).  Begay's third claim is that the arresting officer committed perjury when the officer

11   testified that Begay was given an opportunity to contact an attorney prior to having his

12   blood drawn.  (Doc. 17 at 7).  After reviewing Petitioner's filings in state and federal court,

13   the R&R reasons Begay is not entitled to relief on any of his three habeas claims.

14       With respect to Begay's ineffective assistance of appellate counsel claim, the R&R

15   notes "Begay failed to fairly present this claim to the Arizona Court of Appeals in a

16   procedurally correct manner."  (Doc. 17 at 13).  Ordinarily, "to exhaust one's state court

17   remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally

18   attack his conviction in a petition for post-conviction relief pursuant to Rule 32."  *Roettgen*

19   *v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).

20       The R&R notes the claim is procedurally defaulted because the Arizona Rules of

21   Criminal Procedure regarding timeliness, waiver, and preclusion of claims prohibit Begay

22   from filing a Rule 32 action at this point.  (Doc. 17 at 13).  The Ninth Circuit has held, "[i]f

23   a prisoner has defaulted a state claim by 'violating a state procedural rule which would

24   constitute adequate and independent grounds to bar direct review . . . he may not raise the

25   claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'"

26   *Ellis v. Armenakis*, 222 F.3d 627, 632 (9th Cir. 2000) (quoting *Wells v. Maass*, 28 F.3d

27   1005, 1008 (9th Cir. 1994) (omission in original).  As the R&R notes, "Begay fails to

28   establish cause for or prejudice arising from his procedural default of his claim that he was

1   denied the effective assistance of appellate counsel, and he does not assert his actual,

2   factual innocence of the crime of conviction."  (Doc. 17 at 14).

3       With respect to Begay's second claim – that his liberty was infringed when he was

4   allegedly denied counsel while having his blood drawn – the R&R notes "Begay failed to

5   properly exhaust this claim in the state courts by fairly presenting a claim that his federal

6   constitutional right to counsel was violated."  (Doc. 17 at 17).  *Cf. Duncan v. Henry*, 513

7   U.S. 364, 366 (1995) (per curiam) ("If a habeas petitioner wishes to claim that an

8   evidentiary ruling at a state trial court denied him the due process of law guaranteed by the

9   Fourteenth Amendment, he must say so, not only in federal court, but in state court.").  The

10  record suggests that Begay may have exhausted his right to counsel claim by raising it

11  before the Court of Appeals in a supplemental brief.  (Doc. 13-1 at 90).  Even assuming

12  that is true, the claim fails on the merits.

13      The Sixth Amendment of the United States Constitution and Article 2 Section 24,

14  of the Arizona Constitution guarantee a defendant the right to counsel.  U.S. CONST. amend

15  VI, A.R.S. Const. Art. 2 § 24.  The Due Process Clauses of the United States and Arizona

16  constitutions also contain right to counsel components.  *See Turner v. Rogers*, 564 U.S.

17  431, 446 (2011); *State v. Transon*, 186 Ariz. 482, 489 (Ariz. Ct. App. 1996).  The Court of

18  Appeals of Arizona has held the right to counsel was denied when a defendant was given

19  a phonebook with the attorney pages ripped out.  *State v. Penney*, 229 Ariz. 32, 35-36 (Ariz.

20  Ct. App. 2012).  Begay, however, has not alleged that some aspect of the phonebook or

21  phone he was provided prevented him from contacting an attorney.  Indeed, the state courts

22  found that Begay was provided adequate opportunity to contact counsel while in the DUI

23  van.  *See Begay*, 2019 WL 3178782, at *2; (Doc. 13-1 at 193).  The Supreme Court has

24  held that, on collateral review, "[f]actual determinations are presumed correct absent clear

25  and convincing evidence to the contrary, and a decision adjudicated on the merits in a state

26  court and based on a factual determination will not be overturned on factual grounds unless

27  objectively unreasonable in light of the evidence in the state-court proceeding."  *Miller-El*

28  *v. Cockrell*, 537 U.S. 322, 340 (2003) (citing 28 U.S.C. § 2254(d)(2), (e)(1)).  Begay has

1    made no such showing here.  Thus, assuming this claim was exhausted, it fails on the

2    merits.

3          In Begay's final habeas claim, he alleges the arresting officer committed perjury by

4    testifying that Begay was given the opportunity to consult with counsel prior to having his

5    blood drawn.  (Doc. 17 at 23).  As the R&R notes, "Begay failed to properly exhaust this

6    claim in the state courts, by alleging that the officer's alleged false statements at the

7    evidentiary hearing violated his federal constitutional right to due process of law."  (Doc.

8    17 at 25).  *Cf. Duncan*, 513 U.S. at 366.  To exhaust this claim, Begay would have needed

9    to have raised it on direct appeal or, possibly, through a Rule 32 action.  He did neither.

10   Even if the claim were not exhausted, he has not offered clear and convincing evidence

11   demonstrating why the findings of the state courts to the contrary should be set aside.  *See*

12   *Miller-El*, 537 U.S. at 340.  The trial court "f[ound] no suggestion whatsoever that this

13   officer has lied on the stand."  (Doc. 13-1 at 194).  This Court will not overturn the findings

14   of a jury – which "by its verdict, found the officers' testimony credible and found Begay's

15   testimony not credible" (Doc. 17 at 26) – absent some evidence of perjury.

16         **II.     Begay's April 2021 motion**

17         In April 2021, Begay filed a "Motion for: exhaustion of state remedies. exhaustion

18   of the legal bases of the claim. exhaustion of the factual bases of the claim."  (Doc. 15).

19   As the R&R notes, in the motion "Begay discusses the merits of his second and third habeas

20   claims, and then states: 'In the interest of justice and fundamental fairness the petitioner

21   humbly beseech[es] the United States federal court for the district of Arizona to grant a

22   stay and abeyance.'"  (Doc. 17 at 13).

23         Petitioner appears to be requesting the present proceedings be stayed so that he can

24   return to state court and exhaust any available remedies.  The Supreme Court has held,

25   "stay and abeyance should be available only in limited circumstances."  *Rhines v. Weber*,

26   544 U.S. 269, 277 (2005).    District courts are instructed to grant a stay, rather than

27   dismissing a petition, "if the petitioner had good cause for his failure to exhaust, his

28   unexhausted claims are potentially meritorious, and there is no indication that the petitioner

is engaged in intentionally dilatory litigation tactics." *Id.* at 278.  Although there is no indication Begay is engaged in dilatory tactics, he has failed to establish good cause for his procedural defaults.  Moreover, for the reasons summarized above, and discussed at length in the R&R, Begay's claims are not potentially meritorious.  Therefore, a stay is not merited.

### III.   Begay's June 2021 motion

In June 2021, Begay filed a motion, (Doc. 16), to amend his petition for writ of habeas corpus.  (Doc. 1).  In the motion, Begay restates several of the arguments discussed above and acknowledges he "is time-barred to file a post-conviction relief [petition] and he may be foreclosed from raising a new claim in [a] subsequent petition."  (Doc. 16 at 4).

Begay asks to amend his habeas petition to argue the prosecution failed to adequately prove the prior DUI convictions that aggravated the DUI conviction he seeks relief from.  (Doc. 16 at 15-17).  In his words, "the state . . . evaded [*In re*] *Winship*'s requirements that the state must prove beyond a reasonable doubt the existence of 28-692 and 28-694 [the two prior DUI convictions] to aggravate the committed misdemeanor offense 28-1381(A)(1) to become a class four felony A.R.S. 28-1383(A)(1)."  (Doc. 16 at 16).

Begay correctly notes Rule 15 of the Federal Rules of Civil Procedure give district courts broad authority to permit amendments to pleadings.  (Doc. 16 at 2).  However, even if the Court permits Begay to amend his petition to state this new claim, and relates the amendment back to the initial petition, Begay defaulted the claim in the June motion by not raising it before the state courts.  Moreover, at the trial on the priors, the judge found "overwhelming evidence" of the prior convictions that served as the aggravating factors, (Doc. 13-1 at 644), based on certified copies from the Arizona and New Mexico Departments of Corrections admitted into the record, (Doc. 13-1 at 639-40).  It would be futile to allow the amendment Begay seeks.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 17) is **ADOPTED**. The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** Petitioner's "Motion for: exhaustion of state remedies. exhaustion of the legal bases of the claim. exhaustion of the factual bases of the claim." (Doc. 15) is **DENIED**.

**IT IS FURTHER ORDERED** Petitioner's motion to amend the petition for habeas corpus (Doc. 16) is **DENIED**.

**IT IS FURTHER ORDERED** a Certificate of Appealability is **DENIED** because dismissal of the petition is justified by a procedural bar and because Petitioner has not made a substantial showing of the denial of a constitutional right. Jurists of reason would not find the procedural or constitutional rulings debatable.

**IT IS FURTHER ORDERED** the Court shall enter judgement in favor of the Respondent. The Clerk of Court shall close this case.

Dated this 27th day of October, 2021.

Honorable Roslyn O. Silver
Senior United States District Judge